UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JULIE JESTICE,

                Plaintiff

      v.                              Case No. 1:11-cv–101-HJW

BUTLER TECHNOLOGY AND
CAREER DEVELOPMENT SCHOOLS
BOARD OF EDUCATION,

                Defendant

## ORDER

This matter is before the Court upon the defendant's "Motion For Partial Judgment on the Pleadings" (doc. no. 10). Plaintiff succinctly and appropriately concedes that dismissal of certain claims is warranted (doc. no. 15 at 2). Having fully considered the record, including the pleadings and the parties' briefs, the Court will <u>grant</u> the motion for the following reasons:

**I. Background and Factual Allegations**

In her complaint, plaintiff indicates that she is forty years old (doc. no. 1 at ¶ 1).[1] In August of 2003, she was hired by the "Butler Technology and Career Development Schools Board of Education" to teach Spanish and was subsequently reassigned to teach special education (¶ 7). Plaintiff's employment was terminated on January 20, 2010 (¶ 8). She contends that she was terminated without cause and

---

[1] In her EEOC charge, she indicates she was born on September 30, 1969 (doc. no. 10-2 at 3).

in violation of her employment contract's graduated disciplinary procedure (¶ 11). Plaintiff alleges that she was replaced by a younger, male teacher (¶ 12). On May 25, 2010, she filed a charge of gender discrimination and retaliation with the Equal Employment Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC"). She received a "notice of suit rights" letter on November 22, 2010 (doc. no. 1, Ex. A).

Plaintiff filed the present six-count federal complaint on February 17, 2011, alleging discrimination (age and sex), retaliation, and breach of contract. She indicates that she is bringing her claims pursuant to Title VII of the Civil Rights Act, at 42 U.S.C. § 2000e and Ohio Revised Code § 4112.02(A). She seeks compensatory damages, punitive damages, attorney fees, and any other appropriate relief.

After filing an answer (doc. no. 5), defendant moved for partial judgment on the pleadings pursuant to Rule 12(c) (doc. no. 10). Fed.R.Civ.P. 12(c). In its motion, defendant asserts the following four arguments: 1) plaintiff failed to exhaust administrative remedies for her federal age discrimination claim in Count One; 2) the state law age discrimination claim in Count Three is barred because plaintiff was subject to a binding arbitration clause in the collective bargaining agreement and had the opportunity to arbitrate her claim; 3) this Court lacks subject matter jurisdiction over Count Five because Ohio's State Employment Relations Board ("SERB") has exclusive jurisdiction over claims for breach of a collective bargaining agreement ("CBA"); and 4) Count VI merely seeks punitive damages and cannot stand separately as a cause of action.

In her response brief, plaintiff concedes that she is precluded from bringing her

federal and state age discrimination claims, agrees that the breach of contract claim (Count Five) may not be brought here, and further agrees that Count Six is only a request for punitive damages, which "standing alone," does not assert a cause of action (doc. no. 15 at 2).

II.  Issues Presented

The Court must determine whether to dismiss: 1) plaintiff's state and federal claims of age discrimination in Counts One and Three;  2) plaintiff's claim for breach of contract in Count Five; and 3) plaintiff's "stand-alone" claim for punitive damages in Count Six.

III.  Standard of Review

A ruling on a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is generally reviewed under the same standard as a ruling on a 12(b)(6) motion. Sensations, Inc., v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008);  Lindsay v. Yates, 498 F.3d 434, 437 (6th Cir. 2007).

When considering such a motion, the first step is to identify any conclusory allegations. Ashcroft v. Iqbal,129 S.Ct. 1937, 1950 (2009).  "Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atlantic, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be

supported by factual allegations." Iqbal, 129 S.Ct. at 1949. To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

IV. Judicial Notice

When reviewing a motion pursuant to Rule 12, federal courts ordinarily do not consider matters outside of the complaint. Weiner v. Klais & Co., 108 F.3d 86, 88-89 (6th Cir. 1997). However, documents attached to a Rule 12 motion are considered part of the pleadings if they are referred to in the complaint and are central to the plaintiff's claim. Id. at 89; Greenberg v. Life Insurance Company of Va., 177 F.3d 507, 514 (6th Cir. 1999) (observing that a defendant "may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment"). Plaintiff's complaint specifically refers to her discrimination charge (doc. no. 1 at ¶ 13). As a "condition precedent" mandated by federal statute, plaintiff's charge is central to her claims. The Court may properly consider it as part of the pleadings.

Additionally, courts may consider "public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir.1999), abrogated on other grounds, Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002); and see, 5C Wright & Miller, Federal Practice and Procedure: Civil 3d §§ 1364, 1366 (3d ed. 2004). Plaintiff's

complaint specifically refers to the contract, i.e. collective bargaining agreement (doc. no. 1 at ¶ 8, referring to the "contract between the Board and the Butler Education Association").  The complaint indicated that a copy of the CBA was "currently unavailable" to plaintiff.  Defendant then supplied a copy (doc. no. 10-3) and noted that collective bargaining agreements are public documents under Ohio's Public Records Act (doc. no. 10 at 4, fn.2).  See Ohio ex rel. Calvary v. City of Upper Arlington, 89 Ohio St. 3d 229, 233 (2000).  The Court takes judicial notice of the collective bargaining agreement as a public document.

V.  Discussion

A. Whether Plaintiff Failed to Exhaust Administrative Remedies for Her Federal Age Discrimination Claim

In Count One, plaintiff asserts both age and sex discrimination in violation of 42 U.S.C. § 2000e (doc. no. 1 at ¶¶ 14-17).  With respect to age discrimination, the relevant statute is the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et. seq. , which forbids an employer from discharging an employee "because of such individual's age." 29 U.S.C. § 623(a)(1).

Defendant correctly points out that before an employee may bring suit under the ADEA, the employee must first exhaust administrative remedies and timely file an appropriate charge with the EEOC.  Davis v. Sodexho, Cumberland College Cafeteria, 157 F.3d 460, 463 (6th Cir. 1998);  Amini v. Oberlin College, 259 F.3d 493, 498 (6th Cir. 2001).  The purpose of the charge "is to trigger the investigatory and conciliatory procedures of the EEOC so that the Commission may first attempt to

obtain voluntary compliance with the law." Sodexho, 157 F.3d at 463. Timely filing with the EEOC and obtaining a "notice-of-suit-rights" letter are "conditions precedent" to bringing a federal action for employment discrimination, including age discrimination claims under the ADEA. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982).

Failure to exhaust administrative remedies is an appropriate basis for dismissal. See, e.g., Hoover v. Timken Co., 30 Fed. Appx. 511, 513 (6th Cir. 2002) (dismissing ADEA claims for failure to exhaust remedies); Williams v. United Steel Workers of America, 2010 WL 909883 (S.D.Ohio 2010) (same). Defendant correctly points out that although the plaintiff filed an EEOC charge after being terminated, she did not allege any age discrimination in that charge (doc. no. 10-2). She based her charge entirely on allegations of gender discrimination and retaliation. Plaintiff has not exhausted administrative remedies for her federal age discrimination claim, and in fact, she concedes in her response that she is precluded from bringing such claim.

**C. Whether Plaintiff's Age Discrimination Claim under Ohio Law in Count Three is Barred Because Plaintiff Had the Opportunity to Arbitrate Her Claim**

In Count Three, plaintiff alleges sex and age discrimination under Ohio law, O.R.C. § 4112.02(A). Defendant argues that it is entitled to judgment on the age discrimination portion of the claim because a cause of action under § 4112.02(A) is not available where the employee "has the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has been found to be for just cause." O.R.C. § 4112.14(C). See, e.g., York v. AK Steel Corp., 2005 WL 3338696, *7 (S.D.Ohio)

(holding that "because plaintiff had an opportunity to arbitrate his discharge but failed to do so, he may not pursue a cause of action for age discrimination under § 4112.14"). Plaintiff was employed under a CBA which provided for grievance procedures and arbitration of employment disputes (doc. no. 10-3 at 10). It is undisputed that plaintiff had access to this arbitration procedure, and therefore, O.R.C. § 4112.14(C) bars this state claim.

### D. Whether this Court Lacks Subject Matter Jurisdiction Over Count Five

In Count Five, plaintiff alleges breach of contract. However, where a CBA contains a binding arbitration clause, a plaintiff may not assert a breach of contract claim in federal court. In other words, arbitration is the exclusive remedy for alleged violations of the CBA. See, e.g., Smith v. Bd. of Trustees Lakeland Comm. College, 746 F.Supp.2d 877, 899 (N.D. Ohio 2010) (dismissing claims for breach of contract arising out of a CBA which required arbitration); Holloman v. Greater Cleveland Regional Transit Authority, 930 F.2d 918, 1991 WL 54885, *3 (6th Cir. 1991) (affirming district court's dismissal of claim for breach of CBA for lack of jurisdiction and observing that "exclusive initial jurisdiction for such claims is vested in the State Employment Relations Board"); Featherstone v. Columbus Public Schools, 39 F.Supp.2d 1020 (S.D.Ohio 1999) ("It is well-settled that SERB is vested with exclusive initial jurisdiction over claims brought by public employees pursuant to § 4117").

"Ohio law provides that where there is a collective bargaining agreement between a public employer and the employees' union which provides for binding arbitration of grievances, the grievance procedure is the exclusive remedy for

Case: 1:11-cv-00101-HJW Doc #: 17 Filed: 01/10/12 Page: 8 of 9 PAGEID #: 198

covered employees." <u>Cotton v. Cleveland Mun. School District</u>, 2009 WL 1652145, *8 (N.D. Ohio) (quoting <u>Antram v. Upper Scioto Valley Local Sch. Dist. Bd. of Educ.</u>, 2008 WL 4831473, at *3 (Ohio Ct. App.)); Ohio R..C. § 4117.10(A). Defendant points out that an individual employee generally may not assert claims directly against an employer for breach of the CBA, unless the employee also alleges that the union breached its duty of fair representation. See, e.g., <u>Cotton</u>, 2009 WL 1652145 at *8. Here, the plaintiff does not allege breach of any duty of fair representation. Plaintiff acknowledges in her response that this claim may not be brought in this federal action. Plaintiff's breach of contract claim is subject to dismissal.

**D.  Whether this Court Should Dismiss Count Six Which Asserts a Separate Cause of Action for Punitive Damages**

Finally, the defendant points out that although plaintiff asserts a claim for punitive damages in Count Six, this by itself states no cause of action. Thus, Count Six may properly be dismissed for failure to state a claim for which relief may be granted. See, e.g., <u>Hicks v. NLO</u>, Inc. 631 F.Supp. 1207, 1211 (S.D.Ohio 1986) (dismissing count for punitive damages and observing that "it evidently was pled only as a means to request that punitive damages be awarded on her second cause of action"). The Court notes that the complaint's prayer for relief also asks for punitive damages.

Accordingly, the defendant's "Motion For Partial Judgment on the Pleadings" (doc. no. 10) is <u>GRANTED</u> pursuant to Rule 12(c) as follows:

> 1) the portion of Count One containing plaintiff's federal claim of age discrimination is <u>DISMISSED</u> for failure to exhaust administrative

remedies;

2) the portion of Count Three containing plaintiff's state claim of age discrimination is **DISMISSED** for failure to state a claim for which relief may be granted;

3) Count Five is **DISMISSED** for lack of subject matter jurisdiction; and

4) Count Six is **DISMISSED** for failure to state a claim for which relief may be granted.

IT IS SO ORDERED.

            s/Herman J. Weber
            Herman J. Weber, Senior Judge
            United States District Court