# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JULIE JESTICE,

                Plaintiff

      v.                                  Case No. 1:11-cv–101-HJW

BUTLER TECHNOLOGY AND
CAREER DEVELOPMENT SCHOOLS
BOARD OF EDUCATION,

                Defendant

## ORDER

This matter is before the Court upon the defendant's "Motion For Summary Judgment" (doc. no. 18). Plaintiff has not opposed the motion despite ample time to do so. Having fully considered the record, including the pleadings, motion, and proposed findings, the Court will <u>grant</u> the defendant's motion for the following reasons:

## I.   Background and Procedural History

The defendant's "Proposed Findings of Fact and Conclusions of Law" are not disputed, are incorporated herein by reference, and need only be summarized. In August of 2003, Julie Jestice ("plaintiff") was hired by the Butler Technology and Career Development Schools Board of

Education ("defendant" or "Butler Tech") to teach Spanish. Defendant is a public school entity in Butler County, Ohio. Plaintiff was employed pursuant to the terms and conditions of a collective bargaining agreement ("CBA") between Butler Tech and the Butler Education Association. The CBA provides for a grievance procedure that ends with binding arbitration.

In 2009, due to low enrollment, Butler Tech eliminated its face-to-face Spanish classes in the Secondary Workforce Division. Butler Tech no longer offers such classes and did not replace plaintiff with any other employee in that position. As plaintiff also had the necessary certification to teach special education, she was assigned in May of 2009 to that position. Subsequently, students, parents, and co-workers complained about her work performance. She was placed on paid administrative leave while Butler Tech investigated the complaints. Various substitute teachers temporarily filled her position during this time. Plaintiff was given written notice of the pre-disciplinary hearing.

The investigation found that plaintiff had failed to comply with her students' individual education plans ("IEPs"), had imposed unauthorized

penalties on students, and had refused to permit students to make up work even for excused absences. Plaintiff had failed to communicate with parents sufficiently, failed to keep up-to-date accurate grades, and failed to provide students with grades. Plaintiff had been instructed not to teach material outside the Board's curriculum, but did so anyway. Plaintiff had used Butler Tech's technology and equipment to further her own for-profit activities and lied in response to the investigators' questions. Defendant provided plaintiff with a copy of the letter notifying her of the conclusion of the investigation.

Dan Schroer, the Vice President of Secondary Workforce, then recommended to the Butler Tech Board of Education that plaintiff's teaching contract be terminated. Plaintiff's employment was terminated on January 20, 2010. A female substitute teacher filled plaintiff's position for the remainder of the school year.

On May 25, 2010, plaintiff filed a charge of gender discrimination and retaliation with the Equal Employment Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC"). She received a "notice of suit rights" letter on November 22, 2010 (doc. no. 1, Ex. A).

**Plaintiff also filed a grievance under the CBA. After arbitration, the arbitrator concluded that plaintiff had engaged in severe misconduct meriting discipline, but that it did not meet the requirements for termination for "just cause" under the CBA. The arbitrator found that 1) "[Jestice] provided substandard performance in the short period of time she was teaching special education;" 2) her "deficiencies and shortcomings were indeed serious;" 3) she was "not forthcoming" in her responses to the investigation; 4) she "misrepresented or embellished the facts when she represented that she was in contact with many parents;" 5) her conduct was "inexcusable;" and 6) she had "possibly violated the policy forbidding the use of the school's e-mail system for her personal use." Despite the findings regarding plaintiff's performance and misconduct, the arbitrator ordered plaintiff reinstated to her position, as of March 21, 2011, but without back wages or benefits. Butler Tech reinstated plaintiff.**

**Meanwhile, on February 17, 2011, plaintiff filed a six-count federal complaint alleging age and sex discrimination, retaliation, and breach of contract, pursuant to Title VII of the Civil Rights Act, at 42 U.S.C. §**

2000e, Ohio Revised Code § 4112.02(A), and Ohio common law. She seeks compensatory damages, punitive damages, and attorney fees.

Defendant answered and moved for partial judgment on the pleadings (doc. nos. 5, 10). Defendant asserted that: 1) plaintiff failed to exhaust administrative remedies for her federal age discrimination claim; 2) the state law age discrimination claim is barred because plaintiff was subject to a binding arbitration clause in the CBA and had the opportunity to arbitrate her claim; 3) this Court lacks subject matter jurisdiction over Count Five because Ohio's State Employment Relations Board ("SERB") has exclusive jurisdiction over claims for breach of a CBA; and 4) Count Six merely sought punitive damages and did not state a cause of action. Plaintiff conceded these arguments (doc. no. 15 at 2). The Court dismissed the state and federal claims of age discrimination, the breach of contract claim, and the claim for punitive damages (doc. no. 17 "Order"). The only remaining claims are for sex discrimination and retaliation under Ohio law and Title VII.

On November 1, 2011, defendant sent written discovery requests to plaintiff. After the time for responding passed, defense counsel sent

several written inquiries, but plaintiff did not respond. Plaintiff was deposed on January 13, 2012, and at that time, defense counsel asked plaintiff's counsel for the discovery responses, without result.

On January 17, 2012, defendant moved for summary judgment (doc. no. 18), followed on February 16, 2012 by a motion to compel discovery (doc. no. 19). Upon referral, the Magistrate Judge granted the motion to compel and ordered plaintiff to respond to discovery within fifteen days (doc. no. 21). The docket does not reflect that plaintiff did so. Plaintiff did not respond to the motion for summary judgment.

On April 18, 2012, this Court ordered plaintiff to show cause why the motion for summary judgment should not be granted (doc. no. 22). On May 4, 2012, plaintiff's counsel indicated that the delay was "due to his personal and professional reasons which came to a head in the late part of 2011 and early 2012" and assured the Court that "if allowed to respond to the motion, plaintiff will file a response within one week of the order allowing for an extension of time and will further provide interrogatory response within that time" (doc. no. 23). The Court gave plaintiff's counsel the benefit of the doubt and allowed the case to

proceed (doc. no. 25). The Court ordered defendant to file proposed findings and ordered plaintiff to file his response and high-lighted version of the proposed findings. Defendant timely complied (doc. no. 26), but to date, several months past the deadline set by the Court, plaintiff has still not filed a response or the high-lighted version of the proposed findings. This Court has already given plaintiff extensions of time and ample notice regarding the need to respond to the motion for summary judgment. The Court will now consider the unopposed motion.

II.  Standard of Review

Rule 56(a) of the Federal Rules of Civil provides in relevant part:

> A party may move for summary judgment, identifying each claim or defense or the part of each claim or defense on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a).

Under Rule 56, the moving party bears the burden of proving that no genuine dispute of material fact exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The court must construe the evidence and draw all reasonable inferences in favor of the

nonmoving party. Id. at 587; Jakubowski v. Christ Hosp., Inc., 627 F.3d 195, 200 (6th Cir. 2010), cert. denied, 131 S.Ct. 3071 (2011).

Once a moving party has met the initial burden of showing the absence of a genuine issue of material fact, summary judgment should be granted unless the non-moving party designates specific material facts genuinely in dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The non-moving party must present "affirmative evidence" in response to a well-pleaded motion for summary judgment. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986)). The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Liberty Lobby, 477 U.S. at 251-52. A genuine dispute exists only when there is sufficient evidence on which the jury could reasonably find for the plaintiff. Id. at 252.

## III. Discussion

In support of its motion for summary judgment, the defendant points to evidence including 1) the Affidavit of Ed Pokora, the Chief

Financial Officer of Butler Tech (doc. no. 18-1 at 1-2);   2) the Affidavit of Dan Schroer, the Vice President of Secondary Workforce (doc. no. 18-3); 3) notice letters regarding plaintiff's administrative leave, predisciplinary hearing, and the conclusion of the investigation into her misconduct (doc. no. 18-1 at 3-7); 4) plaintiff's license and certification history (doc. no. 18-1 at 8-9); 5) the letter assigning plaintiff to special education (doc. no. 18-1 at 10); 6) plaintiff's EEOC charge (doc. no. 18-1 at 11-13); and 7) the arbitration decision (doc. no. 18-1 at 14-30).

### A. Plaintiff's State and Federal Claims of Sex Discrimination

In Counts One and Three, plaintiff alleges sex discrimination in violation of 42 U.S.C. § 2000e and Ohio R.C. § 4112.02(A). These claims are appropriately considered together. Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund, 349 F.3d 300, 305 (6th Cir. 2003).

To establish a prima facie case of sex discrimination based on indirect evidence, plaintiff must show that (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified; and (4) she was replaced by someone outside of the protected class, or a similarly situated, non-protected

employee was treated more favorably. Peltier v. United States, 388 F.3d 984, 987 (6th Cir. 2004); Mitchell v. Toledo Hosp., 964 F.2d 577, 582-83 (6th Cir. 1992).

In her complaint, plaintiff alleges that she is female, was discharged, was qualified for her job, and was replaced by a male teacher. To the extent she alleges any disparate treatment on the basis of gender, the other incidents about which plaintiff complains (e.g., not being selected to go on a field trip) are too trivial to constitute materially adverse actions and did not affect the terms, conditions, or status of her employment. Defendant points out that no other teacher at Butler Tech was "similarly-situated" to plaintiff with respect to her record of poor performance and misconduct.

Under the burden-shifting evidentiary framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), defendant must articulate a legitimate non-discriminatory reason for the adverse action, i.e., the reasons for plaintiff's termination. The burden then shifts back to plaintiff to show that the stated reasons were merely a pretext for discrimination. Wright v. Murray Guard, Inc., 455 F.3d 702, 706-707 (6th

Cir. 2006). Pretext may be demonstrated by showing that the proffered reasons: (1) had no basis in fact, (2) did not actually motivate the action, or (3) were insufficient to motivate the action. Chen v. Dow Chem. Co., 580 F.3d 394, 400 (6th Cir. 2009). "Throughout this burden-shifting approach, the plaintiff continues to bear the ultimate burden of proving, by a preponderance of the evidence, the intent to discriminate." Wright, 455 F.3d at 707 (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511 (1993)).

Although defendant concedes that plaintiff has set forth a prima facie case, the record does not reflect that plaintiff was "replaced" by a male teacher. Plaintiff's Spanish class was eliminated due to low enrollment. When she was later assigned to special education and then put on leave for investigation of misconduct, her class was taught by a variety of short-term substitute teachers. Upon plaintiff's termination, her class was covered by a female substitute teacher for the rest of the year. Plaintiff was then reinstated.

Even assuming a prima facie case, defendant contends it appropriately discharged plaintiff for poor performance and misconduct

(doc. no. 26 at ¶ 98). Given the numerous complaints about plaintiff by students, parents, and co-workers, as well as the findings of the investigation and the arbitrator, these reasons had a basis in fact and were sufficient to motivate the decision. Uncontroverted evidence of record indicates that these reasons actually did motivate the discharge. See Schroer Affidavit, at ¶¶16, 17, 19). Plaintiff has made no effort to rebut these legitimate non-discriminatory reasons for her termination. The record does not reflect any evidence suggesting any genuine disputes of material fact. These claims are properly subject to summary judgment in the defendant's favor.

## B. Plaintiff's State and Federal Claims of Retaliation

In Counts Two and Four, plaintiff alleges retaliation in violation of Title VII and Ohio R.C. § 4112.02(I). Title VII prohibits an employer from discriminating against an employee who opposes any practice made an unlawful employment action under Title VII. 42 U.S.C. § 2000e-3(a). Similarly, Ohio law makes it unlawful to discriminate against those who oppose any unlawful discriminatory practice, or who make a charge, or participate in any discrimination investigation or proceeding. Ohio Rev.

Code § 4112.02(I). These claims are appropriately considered together.

To establish a prima facie case of retaliation, plaintiff must show that: (1) she engaged in protected activity under Title VII; (2) defendant knew of the protected activity; (3) defendant then took an adverse, retaliatory employment action against her, and (4) there was a causal connection between the protected activity and the adverse employment action. <u>Hunter v. Sec'y of U.A. Army</u>, 565 F.3d 986, 995 (6th Cir. 2009).

In her complaint, plaintiff vaguely alleges that she "was discriminated against based upon her support for union candidates not favored by the Board, including . . . failure to be chosen for field trips, summers projects, and further being placed in employment positions for which I could not be successful" (doc. no. 1 at ¶ 10). She does not specifically allege that she engaged in any protected activity for purposes of Title VII. She provides no dates or details for any alleged "protected activity."

Defendant correctly asserts that plaintiff has not presented <u>any</u> evidence to substantiate her allegations of retaliation. At this stage in the litigation, a plaintiff may no longer rely solely on her pleadings and

must come forward with "probative evidence tending to support the complaint." <u>Steward v. New Chrysler</u>, 2011 WL 338457, *7 (6th Cir. (Mich.)) (quoting <u>Liberty Lobby</u>, 477 U.S. at 256). According to defendant, plaintiff never complained to any member of Butler Tech's administration that she was being retaliated against for "support of union candidates." Defendant explains that the spanish class was eliminated due to low enrollment and that plaintiff was assigned to special education so she would not lose her job.

Defendant has submitted the affidavit of Mr. Schroer, who indicates he did not know that plaintiff had expressed support for any union candidates and that when he recommended termination of her employment contract, he was unaware of any "protected activity" by plaintiff (doc. no. 18-3, Schroer Affidavit, ¶¶ 19, 21). Thus, even assuming the existence of any "protected activity," it could not have motivated the decision to terminate plaintiff. Defendant's evidence is uncontroverted. Plaintiff has shown no causal connection between any alleged protected activity and her termination.

<u>IV. Conclusion</u>

In conclusion, Butler Tech has pointed to supporting evidence showing that there are no genuine disputes of material facts regarding plaintiff's state and federal claims of gender discrimination and retaliation. For her gender discrimination claim, plaintiff has failed to show that the stated reasons for her discharge were pretextual, and thus, has not rebutted the defendant's stated reasons for her discharge. For her retaliation claim, plaintiff has not shown that she engaged in any protected activity, much less that there was any causal connection with her termination for poor performance and misconduct. The evidence of record is uncontroverted, and the record before this Court does not reflect any triable issues.

Accordingly, the "**Motion For Summary Judgment**" (doc. no. 18) is <u>**GRANTED**</u> in defendant's favor, with costs to plaintiff; this case is DISMISSED and TERMINATED on the docket of this Court.

IT IS SO ORDERED.

<u>s/Herman J. Weber</u>
Herman J. Weber, Senior Judge
United States District Court
